**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MILTON E. JONES,

                      Plaintiff,

    - v -                                  Civ. No. 9:18-CV-947
                                                 (GLS/DJS)

McCARTHY and FENNESSY,

                      Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

MILTON E. JONES
Plaintiff, _Pro Se_
88-B-2329
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA JAMES                    KONSTANDINOS D. LERIS, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      _Pro se_ Plaintiff Milton Jones brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. Presently pending is Defendants' Partial Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 12. Dkt. No. 13. The Motion was filed on December 3, 2018. _Id._ Plaintiff's response was

originally due on December 24, 2018. Dkt. No. 14. The Court *sua sponte* provided Plaintiff multiple extensions of time to respond to the Motion, first to February 8, 2019, Dkt. No. 17, and then to May 3, 2019. Dkt. No. 20. Despite those extensions, Plaintiff has filed no opposition to the Motion.

## I. LEGAL STANDARD FOR MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "the court reads the facts alleged in the complaint, assumes the truth of those facts, and decides whether those facts state a claim under the applicable legal standard." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 235 (2d Cir. 2015). In doing so, the court draws all inferences in favor of the plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests.'" *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)) (internal alterations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## II. DISCUSSION

The Complaint alleges that Plaintiff's rights under the Eighth Amendment were violated by the conditions of confinement at Auburn Correctional Facility. Specifically, he alleges that there was a systemic bird problem at Auburn which resulted in large amounts of bird feces within the facility. Compl. at pp. 4-5. Plaintiff alleges that the birds would sometimes enter the kitchen, leaving feces there as well. *Id.* at p. 5. Plaintiff alleges other unsanitary conditions in the mess hall including blood on the tables, contaminated water, and a lack of clean clothing for food service workers. *Id.* at pp. 5-6. Plaintiff further alleges that following an inspection by the New York State Department of Health into the bird problem, Defendants, who are the Superintendent and Deputy Superintendent for Administration at Auburn, reinstituted a "bird fecal matter clean up crew" which Plaintiff alleges had improperly been discontinued. *Id.* at p. 5. On a motion to dismiss the Court is obligated to accept these facts alleged in the Complaint as true. *Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 123 (2d Cir. 2018)

Defendants move to dismiss only that portion of the Complaint that relates to the allegedly unconstitutional conditions in the mess hall. They seek dismissal based both on the alleged failure to allege their personal involvement in those conditions, Dkt. No. 13-1, Defs.' Mem. of Law at pp. 5-6, and that the claim fails as a matter of law. *Id.* at pp. 6-10.

At the outset, the Court notes that the allegations regarding the bird feces problem in the mess hall are in no way distinct, *i.e.* less detailed, than the allegations regarding that problem throughout the remainder of the facility and so the Court construes Defendants' Motion to relate only to those allegations regarding conditions in the mess hall unrelated to the alleged bird problem. *See id.* at p. 4. The allegations concerning non-bird related conditions in the mess hall assert the presence of blood inside the mess hall as a result of inmate on inmate or staff on inmate violence that was not cleaned with the "proper chemicals," contaminated water from Cayuga County, New York, Compl. at p. 5, and mess hall workers being provided with inadequate clean work uniforms and aprons. *Id.* at p. 6.[1]

As to those allegations, Plaintiff has failed to allege the personal involvement of Defendants. "In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). A supervisory official "may not be held liable for damages merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d at 874 & *Wright v. Smith*, 21 F.3d at 501) (further citations

---

[1] The Complaint also includes allegations that utensils, trays, plates, and other cookware were dirty. Compl. at p. 5. Because at least some part of these allegations appear to relate to the bird problem those claims are not construed as being part of Defendants' narrow Motion to Dismiss.

omitted). "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Wright v. Smith*, 21 F.3d at 501 (defendant may not be held liable simply because he holds a high position of authority). The Complaint makes no allegations directly tying either Defendant to the failure to clean up blood, the Cayuga County water supply, or the issue involving uniforms for workers in the mess hall. *See generally* Compl. The Complaint does not, for example, allege any specific information about when these conditions allegedly existed, for how long, whether either named Defendant was ever notified of these conditions and, if so, how he responded regarding them. Absent any allegation of this sort dismissal is appropriate. *Alexander v. Racette*, 2019 WL 121670, at *3 (N.D.N.Y. Jan. 7, 2019); *Ortiz v. Bloomberg*, 2011 WL 4822829, at *3 (S.D.N.Y. Oct. 7, 2011).

As to the merits of Plaintiff's claim, dismissal of the limited portion of Plaintiff's Complaint at issue on this Motion is also warranted.

> Generally, to state a claim of inadequate prison conditions, a plaintiff must allege facts plausibly suggesting two things: (1) that the conditions of his confinement resulted in deprivation that was sufficiently serious such that the prisoner was denied the minimal civilized measure of life's necessities; and (2) that the defendant acted with deliberate indifference to the plaintiff's health or safety.

*Sharpe v. Taylor*, 2009 WL 1743987, at *11 (N.D.N.Y. June 18, 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)).

"An inmates' exposure to human waste may, in extreme situations, satisfy the objective element of an Eighth Amendment analysis." *Herring v. Tabor*, 2013 WL 6173775, at *9 (N.D.N.Y. Nov. 20, 2013). At this stage of the proceedings and given Plaintiff's allegation that he may have become ill as a result of these conditions, Compl. at p. 6, the Complaint sufficiently alleges the objective prong of the Eighth Amendment claim.

For the same reasons identified above in the context of personal involvement, however, Plaintiff has failed to allege any facts supporting the subjective prong of the applicable Eighth Amendment test. "The subjective prong requires that a prisoner allege that the defendants knew of and disregarded an excessive risk to inmate health or safety." *Williams v. Carbello*, 666 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) (citing *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002)). Defendants "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and [they] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, as noted above, there is no allegation in the Complaint that either Defendant was ever notified of these conditions and, if so, how he responded regarding them. There is no direct allegation that either knew of the allegedly unconstitutional conditions - in contrast to specific allegations that they did know about the bird feces process. *See* Compl. at pp. 5-6. Plaintiff's failure "to allege any knowledge on the part of defendants - or any prison officials - about the conditions of which he complains" requires dismissal. *Hamilton v. Deputy Warden*, 2016 WL 6068196, at *12 (S.D.N.Y. Oct. 13, 2016). As to this claim,

6

the Complaint makes only purely conclusory allegations regarding conditions of confinement that are insufficient to state a cause of action. *Mingo v. Fischer*, 2014 WL 2918599, at *7 (N.D.N.Y. June 26, 2014); *Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *7 (D. Vt. Dec. 9, 2013); *Cannon v. Wood*, 2011 WL 7071100, at *7 (N.D.N.Y. Aug. 12, 2011), *report and recommendation adopted*, 2012 WL 177972 (N.D.N.Y. Jan. 23, 2012).

Accordingly, the Court recommends that the District Court grant the Motion to Dismiss limited to Plaintiff's allegations regarding blood on the tables in the mess hall, the Cayuga County water supply, and the clothing provided to mess hall workers.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Partial Motion to Dismiss (Dkt. No. 13) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

---

2 If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day

7

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 10, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).